1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LESTER HAMILTON,                    No.  2:13-cv-0330 MCE CKD P

12              Petitioner,

13        v.                            FINDINGS AND RECOMMENDATIONS

14   RICK HILL,

15              Respondent.

16

17        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas

18   corpus under 28 U.S.C. § 2254.  He is serving a sentence of seven years-to-life imprisonment

19   imposed in 1972 for first degree murder.  In 1979, petitioner was found suitable for parole and a

20   parole date of December 28, 1989 was established.  However, on June 5, 1987, the parole board

21   rescinded petitioner's parole date for what petitioner terms a "non-criminal rules infraction."  In

22   the only claim in his petition that makes sense, petitioner asserts that California law at the time

23   his parole date was rescinded dictated that a new date be set within six months and that did not

24   occur.  Respondent has filed a motion to dismiss arguing that any claim in this respect is time-

25   barred.

26        The statute of limitations applicable to this action may be found at 28 U.S.C. § 2244(d)(1).

27   Normally, the limitation period applicable to this action would have begun to run under §

28   2244(d)(1)(D) on December 5, 1987 when the factual predicate of petitioner's claim (that a new

1

1  release date had not been set within six months of rescission) became apparent.  However, since

2  that happened well before the statute of limitations was enacted, the limitations period began to

3  run on the day of enactment; April 24, 1996.  See Calderon v. United States District Court

4  (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).  Because there is no basis to toll the limitations

5  period, it then ran out one year later, well before this action was filed earlier this year.

6  Accordingly, respondent's motion to dismiss should be granted and this case should be closed.

7       Furthermore, it is clear that petitioner is not entitled to habeas relief.  He asserts that when

8  his release date was rescinded in 1987, California Penal Code § 3041.5(b)(4) required that a new

9  release date be established within six months.  However, that provision was removed from §

10  3041.5(b)(4) in 1985, well before petitioner's release date was rescinded in 1987.

11       Accordingly, IT IS HEREBY RECOMMENDED that:

12       1.  Respondent's motion to dismiss (ECF NO. 13) granted; and

13       2.  This case be closed.

14       These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

19  may address whether a certificate of appealability should issue in the event he files an appeal of

20  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

21  court must issue or deny a certificate of appealability when it enters a final order adverse to the

22  applicant).  Any response to the objections shall be served and filed within fourteen days after

23  service of the objections.  The parties are advised that failure to file objections within the

24  /////

25  /////

26  /////

27  /////

28  /////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

F.2d 1153 (9th Cir. 1991).

Dated:  September 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hami0330.157

3